IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| BOSTON PRIVATE FINANCIAL | : SECURITIES EXCHANGE ACT OF 1934 |
| HOLDINGS, INC., STEPHEN M. WATERS, | : |
| MARK F. FURLONG, JOSEPH C. | : |
| GUYAUX, DEBORAH F. KUENSTNER, | : |
| GLORIA C. LARSON, KIMBERLY S. | : |
| STEVENSON, LUIS A. UBINAS, | : |
| LIZBETH H. ZLATKUS, and SVB | : |
| FINANCIAL GROUP, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On January 4, 2021, Boston Private Financial Holdings, Inc. ("Boston Private" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by SVB Financial Group ("SVB Financial") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Boston Private's stockholders will receive 0.0228 shares of SVB Financial common stock and $2.10 in cash per share.

3. On March 18, 2021, defendants filed a prospectus (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Boston Private common stock.

9. Defendant Boston Private is a Massachusetts corporation. Boston Private's common stock is traded on the NASDAQ under the ticker symbol "BPFH."

10. Defendant Stephen M. Waters is Chairman of the Board of Directors of Boston Private (the "Board").

11. Defendant Mark F. Furlong is a member of the Board.

12. Defendant Joseph C. Guyaux is a member of the Board.

13. Defendant Deborah F. Kuenstner is a member of the Board.

14. Defendant Gloria C. Larson is a member of the Board.

15. Defendant Kimberly S. Stevenson is a member of the Board.

16. Defendant Luis A. Ubinas is a member of the Board.

17. Defendant Lizabeth H. Zlatuks is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

19. Defendant SVB Financial is a Delaware corporation.

## SUBSTANTIVE ALLEGATIONS

20. Boston Private is a leading provider of integrated wealth management, trust, and banking services to individuals, families, businesses, and nonprofits.

21. On January 14, 2021, Boston Private entered into the Merger Agreement, under which Boston Private's stockholders will receive 0.0228 shares of SVB Financial common stock and $2.10 per share.

22. The press release announcing the Proposed Merger provides as follows:

SVB Financial Group ("SVB") (NASDAQ: SIVB), the parent of Silicon Valley Bank, the bank of the world's most innovative companies and their investors, and Boston Private Financial Holdings, Inc. ("Boston Private")(NASDAQ: BPFH), the parent company of Boston Private Bank & Trust Company, a leading provider of integrated wealth management, trust and banking services to individuals, families, businesses and nonprofits, today announced that they have entered into a definitive merger agreement pursuant to which SVB will acquire Boston Private. Combined private bank and wealth management assets under management would be $17.7 billion, based on 9/30/20 figures.

Under the terms of the merger agreement, Boston Private shareholders will receive 0.0228 shares of SVB common stock and $2.10 of cash for each Boston Private share they own, representing a total consideration value of approximately $900 million based on SVB's closing stock price of $387.83 on December 31, 2020.

SVB's vision is to be the premier financial partner for the innovation economy, providing companies, entrepreneurs and their investors the services they need to succeed via four core businesses: commercial banking, investment banking, private banking and wealth management and fund management. The acquisition of Boston Private accelerates SVB's private bank and wealth management offering, strengthening SVB's overall platform and ability to fully meet the financial needs of its clients.

"Our clients rely on us to help increase the probability of their success – both in their business and personal lives," said Greg Becker, President and CEO of SVB Financial Group. "Boston Private's experienced and well-regarded team, robust service offering, and advanced technology platform will significantly bolster our private bank and wealth management capabilities and enhance our ability to offer products and services tailored to the needs of founders, executives and investors."

Boston Private provides a full spectrum of wealth, trust, and private banking services dedicated to helping clients simplify and strengthen their financial positions. With Boston Private's product suite and recently redesigned technology platform, SVB can expand its existing wealth management solutions, which include complex strategies to manage concentrated stock positions, to add tax planning, trust services, philanthropy and estate planning, while offering a significantly improved digital client experience. Boston Private's clients will benefit from greater access to investment opportunities and participation in the innovation economy, as well as the power of SVB's large balance sheet to support their borrowing needs.

"Together, SVB and Boston Private will be well-positioned to grow and scale our business, leveraging SVB's deep client relationships and broad reach across the innovation economy to capture a greater share of the wealth management market," said Anthony DeChellis, CEO of Boston Private. "We look forward to working together to support our clients as they pursue the goals they have for their businesses, families and legacies."

SVB and Boston Private currently serve clients in complementary major metropolitan markets with an approach that has earned both firms industry-leading Net Promoter Scores.

Timing and Approvals
The transaction has been unanimously approved by both companies' Boards of Directors and is expected to close in mid-2021, subject to the satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of Boston Private.

Advisors
Goldman Sachs & Co. LLC acted as financial advisor to SVB in the transaction. Sullivan & Cromwell LLP served as legal counsel to SVB. Morgan Stanley & Co. LLC acted as financial advisor to Boston Private and Wachtell, Lipton, Rosen & Katz served as legal counsel.

23.     On March 18, 2021, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

Financial Analyses

24. The 424B3 fails to disclose material information regarding the financial analyses performed by Morgan Stanley & Co. LLC ("Morgan Stanley"), Boston Private's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must be fairly disclosed.

25. The 424B3 fails to disclose the following regarding Morgan Stanley's Boston Private Public Trading Comparables Analysis: the individual multiples for the observed companies.

26. The 424B3 fails to disclose the following regarding Morgan Stanley's Boston Private Dividend Discount Analysis: (i) the terminal values; (ii) the basis for applying a range of terminal forward multiples of 11.0x to 13.0x and a 1.0% opportunity cost of cash; (iii) the inputs and assumptions underlying the discount rates; and (iv) the projected dividends.

27. The 424B3 fails to disclose the following regarding Morgan Stanley's Boston Private Analyst Price Targets Analysis: (i) the observed price targets; (ii) the sources of the price targets; and (iii) the inputs and assumptions underlying the discount rate.

28. The 424B3 fails to disclose the following regarding Morgan Stanley's SVB Financial Public Trading Comparables Analysis: the individual multiples for the observed companies.

29. The 424B3 fails to disclose the following regarding Morgan Stanley's SVB Financial Dividend Discount Analysis: (i) the terminal values; (ii) the basis for applying a range of terminal forward multiples of 14.0x to 22.0x and a 1.0% opportunity cost of cash; (iii) the inputs and assumptions underlying the discount rates; and (iv) the projected dividends.

30. The 424B3 fails to disclose the following regarding Morgan Stanley's SVB Financial Analyst Price Targets Analysis: (i) the observed price targets; (ii) the sources of the price targets; and (iii) the inputs and assumptions underlying the discount rate.

### Financial Projections

31. The 424B3 fails to disclose material information regarding Boston Private's and SVB Financial's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by a company's financial advisor in support of its fairness opinion.

32. The 424B3 fails to disclose: (i) the projected cash flows for the Company and SVB Financial; and (ii) the assumptions underlying the Company's forecasts reviewed by the Board at its September 30, 2020 and November 18, 2020 meetings.

### Potential Conflicts of Interest and Background of the Proposed Merger

33. The 424B3 fails to disclose material information regarding potential conflicts of interest and the background of the Proposed Merger.

34. The 424B3 fails to disclose the timing and nature of the past services Morgan Stanley provided to SVB Financial.

35. The 424B3 fails to disclose the identity of the investment banker that introduced Anthony DeChellis to SVB's President and Chief Executive Officer, Greg Becker, and whether the investment bank is receiving a fee in connection therewith.

36. The 424B3 fails to disclose whether the Company entered into any non-disclosure agreements that contained standstill and/or don't ask, don't waive provisions.

37. If disclosed, the omitted information would significantly alter the total mix of information available to Boston Private's stockholders.

## COUNT I

**Claim Against the Individual Defendants and Boston Private for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

38. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

40. Boston Private is liable as the issuer of these statements.

41. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

42. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

43. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

44. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

45. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

46. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

47. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants and SVB Financial for Violation of Section 20(a) of the Exchange Act**

48. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

49. The Individual Defendants and SVB Financial acted as controlling persons of Boston Private within the meaning of Section 20(a) of the Exchange Act as alleged herein.

50. Due to their positions as officers and/or directors of Boston Private and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

51. Each of the Individual Defendants and SVB Financial was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

53. The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the 424B3.

54. SVB Financial also had supervisory control over the composition of the 424B3 and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the 424B3.

55. Accordingly, the Individual Defendants and SVB Financial violated Section 20(a) of the Exchange Act.

56. The Individual Defendants and SVB Financial had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

57. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

58. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 13, 2021

**GRABAR LAW OFFICE**

By: *[signature]*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*